**Jerry R. HOLLEMAN and wife Inda S. Holleman and John Cornyn and wife Atholene G. Cornyn, Appellants,**

v.

**MISSION TRACE HOMEOWNERS ASSOCIATION, Appellee.**

**No. 15796.**

Court of Civil Appeals of Texas, San Antonio.

Oct. 5, 1977.

John W. Davidson, Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellants.

Keith E. Kaiser, Cox, Smith, Smith, Hale & Guenther, Inc., San Antonio, for appellee.

MURRAY, Justice.

This is a suit for a permanent injunction brought by the appellee, Mission Trace Homeowners Association, a planned unit development, to permanently enjoin the appellants, Jerry R. Holleman and wife, Inda S. Holleman, and John Cornyn and wife, Atholene G. Cornyn, from parking any motor vehicle overnight on the driveways leading to their garages and from failing and refusing to store their motor vehicles in their garages overnight. The Hollemans and Cornyns counterclaimed against the Association for a declaratory judgment to define the parking rights of homeowners within Mission Trace Subdivision. After a trial before the court without a jury, judgment was entered permanently enjoining appellants from parking any motor vehicle overnight on the driveways leading to their garages in the Subdivision or on any other portion of the Subdivision over which they

have only a right of passage or ingress or egress; from failing and refusing to park their motor vehicles in their garages in the Subdivision for overnight storage; and from violating the amendment to the Declaration of Covenants and Restrictions granting appellants only a right of passage over their driveways into their garages. All relief sought by appellants' counterclaim was denied. An appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District was duly perfected.

Appellants' points of error on this appeal are essentially that (1) the Declaration of Covenants and Restrictions in effect at the time appellants purchased their homes in Mission Trace gave them the right to park their motor vehicles in their driveways; and therefore, appellee cannot restrict that right; (2) the requirement that motor vehicles cannot be parked overnight in driveways, adopted by Mission Trace Homeowners Association, is unreasonable; (3) the amendment to the Declaration of Covenants and Restrictions upon which such requirements were based was null and void; (4) the court erred in permitting appellee's attorney to claim the attorney-client privilege on producing their law office time records; and (5) the court erred in denying appellants the relief sought in their counterclaim.

On June 15, 1972 the City Council of the City of San Antonio enacted Ordinance 40834, now codified as Section 42–106 through 42–111 and as portions of Section 42–7 of the City Code of San Antonio, Texas, which provided a new zoning classification for "Planned Unit Developments." In Section 42–7 a "Planned Unit Development" is defined as "an area of land, controlled by a land owner, to be developed as a single entity. A planned unit development may include, but does not require, individual ownership of units, structures or property. Common areas, however, which relate to and serve the individual occupants, are an essential and major element of such developments."

Section 42–106 of the City Code states the purpose of "Planned Unit Developments" in part as follows:

It is the intent of this article to encourage unified design of housing, commercial, industrial, or institutional areas and facilities, or combinations thereof, to provide for related developments having harmony of design and variety of function, and to provide for a greater flexibility in the design of buildings, yards, courts, and circulation than would otherwise be possible through the strict application of standard regulations. It is further the intent of this article to provide for:

(a) A maximum choice in the types of environment and living units available to the public.

(b) An integration of open space and recreation areas with residential development.

(c) A pattern of development which preserves trees, outstanding natural topography, and geologic features.

(d) A creative approach to the use of land and related physical development.

(e) An efficient use of land resulting in smaller networks of utilities and streets and thereby lower housing and maintenance costs.

(f) An environment of stable character in harmony with surrounding development.

(g) The development of vacant property within the presently developed urban area.

(h) The redevelopment of property where desirable by providing flexibility in redesign.

On September 11, 1973, Jack Devore, developer, established the Subdivision by filing a plat for Mission Trace Planned Unit Development.

The Subdivision was designed and developed by Devore, who sold lots for private ownership upon which he or other builders constructed garden homes and cluster homes. The common area is defined as follows by Section 42–7 of the City Code:

Common area shall mean a parcel or parcels of land, or an area of water, or a combination of land and water, and/or developed facilities including but not limited to areas for vehicular and pedestrian access and recreational facilities within the site designated for a planned unit development, and designed and intended for the use or enjoyment of occupants of the planned unit development. Common areas may contain such complimentary structures and improvements as are necessary and appropriate for the benefit and enjoyment of the occupants of the planned unit development.

The common area is all real property within the Subdivision for the common use and enjoyment of all property owners in the Subdivision. Jack Devore organized the Mission Trace Homeowners Association, a non-profit corporation, on October 16, 1972. Devore conveyed the common area to the Association on February 5, 1973. On February 5, 1973 Jack Devore filed an original Declaration of Covenants and Restrictions applicable to all property in the Subdivision, which was subsequently amended on March 6, 1973 and August 20, 1973.

The original Declaration of Covenants and Restrictions provided in part as follows:

Section 1. *Owner's Easements of Enjoyment.* Every owner shall have a right and easement of enjoyment in and to the Common Area which shall be appurtenant to and shall pass with the title to every Lot, . . . ..

Section 3. *Parking Rights.* Ownership of each Lot shall entitle the owner or owners thereof to the use of not more than two automobile parking spaces, which shall be incorporated in said unit as a two-car garage or a one-car garage and one parking space which shall be as near and convenient to said lot as reasonably possible, together with the right of ingress and egress in and upon said parking area.

Section 42–108(5)(e) of the City Code relating to Planned Unit Developments provides in part as follows:

(e) PARKING REQUIREMENTS. There shall be a minimum of two (2) paved parking spaces with adequate ingress and egress for every dwelling unit in all residential developments. * * *

Parking in both residential and nonresidential areas shall be convenient to all dwelling units or other uses and, where appropriate, common driveways, parking areas, walks and steps shall be provided, maintained and lighted for night use.

Appellants, Cornyns, own Lot 10 in the Subdivision, which they purchased from Jack Devore, who constructed a garden home type dwelling unit thereon. They were the first residents of the Subdivision. The Cornyns purchased their property in the Subdivision subject to the original Declaration of Covenants and Restrictions. The driveway from the street in front of the Cornyns' dwelling unit leads only to the Cornyns' garage and serves no other dwelling unit. The Cornyns own in fee simple title approximately 13 feet of the driveway abutting their garage.

The Hollemans purchased Lot 39 in the Subdivision in May 1974 from Jack Devore, who had constructed a garden home on the lot. The Hollemans purchased their lot and dwelling subject to the original Declaration of Covenants and Restrictions. The driveway from the street in front of the Hollemans' dwelling unit leads only to the Hollemans' garage and to no other dwelling unit.

On June 26, 1975 the Board of Directors of the Association adopted a resolution requiring the members of the Association to park their motor vehicles in their garages for overnight storage. The Association filed suit against appellants to enforce the Board of Director's resolution of June 26, 1975 on November 17, 1975.

On August 20, 1976 an amendment to the original Declaration of Covenants and Restrictions was filed in the Deed Records of Bexar County, Texas, which stated in part:

Article II: Article II, Section 3, will hereby be amended to read as follows:

'*Parking Rights*: Ownership of each lot shall entitle the owner or owners thereof to not more than two automobile parking spaces which shall be incorporated in the dwelling unit situated upon said lot, together with the right of passage over the driveway to and from said parking spaces.'

A Board of Directors is elected by the Homeowners Association. All individual property owners are members of the Homeowners Association and a Board of Directors is elected by the Association membership. The Association has all powers not reserved to the membership by other provisions of the By-laws, the Articles of Incorporation, or the Declaration of Covenants and Restrictions. Article VII, Section 1, of the By-laws of appellee provides that its Board of Directors shall have power to: "adopt and publish rules and regulations governing the use of the Common Area and facilities, and the personal conduct of the members and their guests thereon, . . ."

Planned Unit Developments, such as Mission Trace, present a relatively new and unique concept in cooperative living because of its mini-government which is empowered pursuant to its Declaration and By-laws to enact rules and regulations.

While it is true that appellants were granted a right and easement of enjoyment in and to the common area at the time they purchased their lots and homes in the Subdivision, it is equally true that their rights are subject to reasonable rules and regulations as adopted by the Board of Directors. See *Hoey v. San Antonio Real Estate Board, Inc.,* 297 S.W.2d 214 (Tex.Civ.App.—San Antonio 1956, no writ).

The question presented is whether the covenant restricting overnight parking of any motor vehicle on driveways leading to garages overnight is reasonable.

All driveways in the Subdivision are part of the common area and subject to the restrictive covenant except for the 13 feet of Cornyns' driveway. The common area is all real property within the Subdivision which is owned and held by the Association for the common use and enjoyment of all property owners in the Subdivision.

In *Hidden Harbour Estates, Inc. v. Norman,* 309 So.2d 180 (Fla.Civ.App.—1975), the court upheld the rule of a condominium association forbidding alcoholic beverages in the clubhouse and adjacent common area.

The condominium association had similar powers of regulation as does the association in this case, and the court stated that the test to be applied is one of reasonableness.

If a rule is reasonable the association can adopt it; if not, it cannot. It is not necessary that conduct be so offensive as to constitute a nuisance in order to justify regulation thereof.

Accordingly, the appellate court determined that the rule was reasonable and entered judgment for the condominium association.

■ In the present case the Board of Directors are authorized to make reasonable rules pertaining to the common area in the Subdivision. Certainly, the Association is not at liberty to adopt arbitrary or capricious rules bearing no relationship to the health, happiness, and enjoyment of life of the various unit owners.

The purposes for which the Association was organized included providing for maintenance, preservation, and architectural control of the residential lots and the common area in the Subdivision; promoting the health, safety, and welfare of the property owners in the Subdivision; and exercising the powers granted by the Declaration of Covenants and Restrictions applicable to the Subdivision. These powers include enforcement of the Covenants and Restrictions in the Declaration.

■ We hold the Covenant restricting overnight parking is in fact reasonable. Before the adoption of the restrictive regulation, the Board of Directors thoroughly considered aspects of aesthetics, safety, security, and convenience of all the homeowners and thereafter called a special meeting of the members of the Association for the purpose of determining the thoughts of the majority. Appellants received notification of the meeting and were permitted to express their views and vote on the matters submitted. More than two-thirds of the members present voted that the Board of Directors should require all residents of the Subdivision to park their automobiles in garages for overnight storage.

Considering the purposes set out in the Declarations and By-laws, the highly restrictive nature of the development, and the considerations taken by the Board before adoption of the restriction, the parking regulation is not unreasonable, arbitrary, or capricious.

In the Findings of Fact and Conclusions of Law, the trial court found that:

The Board of Directors of Plaintiff has diligently and without discrimination endeavored to enforce the resolution and the regulation pertaining to overnight parking of motor vehicles in members' garages.

The resolution of the Board of Directors of Plaintiff and the regulation pertaining to the overnight storage of motor vehicles in members' garages are neither arbitrary nor capricious and bear a relationship to the health, safety and welfare of the members of Plaintiff.

Appellants have failed to show that such findings were against the greater weight of the evidence, nor have they shown that the rule was unreasonable as a matter of law.

Mission Trace is a private association which has rules and regulations. Appellants have voluntarily bound themselves to abide by all lawful limitations imposed by appellee's rules and the court should not interfere with appellee's reasonable application of those rules.

The resolution of the Board of Directors of the Association, which restricts overnight parking in driveways, does not apply to the Cornyns' 13 feet of driveway they own in fee simple. The By-laws of Mission Trace Homeowners Association, Article VII, Section 1, provides that the Board of Directors of appellee shall have the power to:

(a) adopt and publish rules and regulations governing the use of the Common Area and facilities, and the personal conduct of the members and their guests thereon, and to establish penalties for the infraction thereof; . . . .

The By-laws authorize the Board of Directors to publish rules and regulations governing the common area, such authority did

not extend to that portion of the Cornyns' driveway which is owned in fee simple.

Use of the driveways within the Subdivision may be regulated and controlled by the Association and its Board of Directors pursuant to the powers set forth in the By-laws.

This finding is reformed to exclude any regulation of the 13 feet of driveway owned by the Cornyns' in fee simple.

As we view this case, the Board of Directors of the Association has the power to make reasonable rules pertaining to the common areas used as driveways under the original Article II, Section 3, or the amendment to said Section 3, of August 20, 1976. Therefore, it is not necessary to determine the other points raised by appellants.

The judgment of the trial court is reformed as to that 13 feet owned by the Cornyns' in fee simple. In all other respects the judgment is affirmed. The costs of this appeal are taxed against the appellants.