Eugene C. FREY, Appellant,

v.

DeCORDOVA BEND ESTATES OWNERS ASSOCIATION, Appellee.

No. 18650.

Court of Appeals of Texas, Fort Worth.

April 22, 1982.

Rehearing Denied May 27, 1982.

Bailey F. Rankin, Granbury, for appellants.

Ralph H. Walton, Jr., Granbury, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

SPURLOCK, Justice.

Defendant, DeCordova Bend Estates Owners Association (hereinafter Association) is a non-profit Texas corporation whose members are owners of property in DeCordova Bend Estates, a private residential subdivision located in Hood County, Texas. Plaintiff, Eugene C. Frey is a member of the Association. The purpose of the Association is to provide private recreational facilities for the common benefit of its members, including purchasers of lots from the Dedicator, its successors and assigns.

Frey brought an action for injunction against the Association, seeking to permanently enjoin it from assessing and collecting any fees and charges for the use of facilities and services owned and provided by it other than a monthly membership assessment. Such assessment is payable by all members of the Association, and of this there is no complaint.

Frey also sought to enjoin the Association from assessing any special charges against any lessee of real property located in DeCordova Bend Estates for the use of facilities owned by the Association and to enjoin the Association from spending funds collected for golf cart trail fees for any purpose other than for special projects designed to improve and beautify the golf course owned by the Association.

Both parties filed motions for summary judgment. The trial court granted the Association's motion and Frey appealed.

We affirm.

■ The purpose of the summary judgment rule is to provide a means of summarily terminating a case when only a question of law is involved and no genuine issue of fact exists. *Straughan v. Houston Citizens Bank & Trust Co.*, 580 S.W.2d 29 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). The granting of a summary judgment should be affirmed only if the record establishes a right thereto as a matter of law. *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814 (Tex.Civ.App.—Tyler 1980, no writ). This court must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *Pack v. City of Fort Worth*, 552 S.W.2d 895 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n. r. e.).

Plaintiff asserts two points of error: that the trial court erred in granting defendant's motion for summary judgment, and by denying plaintiff's motion for summary judgment. He argues that the Board of Directors does not have the authority to propose and assess fees and charges it finds to be necessary in addition to the regular membership assessment.

Paragraph 15 of the Restrictions and Covenants governing the DeCordova Bend Estates subdivision (filed of record in Hood County and in plaintiff's chain of title) contains the following provision:

> membership shall be conditioned upon observance of the rules and regulations established by The Association for the benefit and general welfare of its members and for the official operation thereof. Said membership shall also be conditioned upon payment, when due, of such dues, fees, and charges as The Association shall find necessary for the maintenance of the club facilities and services.

Frey argues that in order for a covenant to be binding on a subsequent purchaser the covenant must run with the land, and there must be privity of estate between the parties. He cites as authority for this proposition a case in which the court held that to run with the land to individual successors in title, such covenant must be made between parties who are in privity of estate and must be contained in a grant of land. *Clear Lake Apts. v. Clear Lake Utilities*, 537 S.W.2d 48 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

■ Clear Lake dealt with a contract between a landowner and a water supplier which could only be construed and enforced as a purely personal covenant. There it was held that it must be the intention of the original covenanting parties that the covenant run with the land, as ascertained from the words, reading and attending circumstances as the parties are presumed to have considered when they executed the instrument. 16 TEX.JUR.3d 516, *Covenants*, Sec. 10 "Intention of Parties" (1981). A covenant, personal in form, may be real if in fact it is for the benefit of the grantor's land. By case law a person is bound by restrictive covenants attaching to property of which he has actual notice or constructive notice and is chargeable with notices of all conditions, restrictions, exceptions, or reservations appearing in a chain of title concerning which he is put on notice. *Bein v. McPhaul*, 357 S.W.2d 420 (Tex.Civ.App.—Amarillo 1962, no writ).

■ Equity recognizes the kind of covenant which does not strictly run with the land, but is nevertheless binding upon subsequent owners who acquire the same with notice. The key to enforceability of such equitable covenants against subsequent owners is the fact that they took with notice of the covenant or servitude. *Collum v. Neuhoff*, 507 S.W.2d 920 (Tex.Civ.App.—Dallas 1974, no writ). The grantor's intent is a controlling factor in determining whether restrictions in a conveyance were intended to benefit other than an immediate party to the conveyance. 16 Tex.Jur.3d 522, *Covenants*, Sec. 15 "Restrictive Covenants" (1981).

■ Restrictions and Covenants governing DeCordova Bend Estates were filed in the Deed Records prior to the offering for sale of lots in the subdivision, putting each

purchaser on notice of the covenants and indicating that the grantor intended that these covenants apply not only to the original grantee, but also to subsequent purchasers. Plaintiff was charged with notice of this.

Plaintiff argues that upon purchase of property in the development, the owner becomes a beneficial owner of the recreational facilities in accordance with an agreement set out in the covenants. He cites as authority for this proposition a case that held an unincorporated recreation club which had never been a going concern for 27 years held legal title in trust for the beneficial use of owners of lots in the addition subject to the covenant of the developer of the block, and that it should be used only for the purpose of recreation of the owners. *Hogue v. Glover*, 302 S.W.2d 757 (Tex.Civ. App.—Waco 1957, writ ref'd n. r. e.). Language in the opinion is to the effect that the owner's beneficial interest takes subject to the developer's covenants.

■ Plaintiff contends that the covenants binding each purchaser and owner of land in the development must be identified and spelled out in the chain of his title. We find conditions for membership in the Association to have been clearly spelled out in the Restrictions and Covenants referred to in the Deed and filed of record. These include agreement for observance of rules and regulations established by the Association, which include the membership requirements and the bylaws.

The Application for Association Membership which plaintiff signed stated in part, "I agree to pay monthly, such maintenance assessments and dues as the association from time to time deems necessary, and, when due, such other charges, fees or assessments as may hereafter be incurred by me as a member of such association." Article 4, Section 3 of the bylaws states, "the corporation may provide for additional charges, other than assessments, for the use of the facilities in said Recreational Area, and for services provided for members (including tenants)".

■ A corporation has the power "to make and alter by-laws, not inconsistent with its articles of incorporation" or either the laws of the state, "for the administration and regulation of the affairs of the corporation". V.A.C.S. art. 1396–2.02 A(12). While it is true in the instant case plaintiffs were granted a right and easement of enjoyment in and to the common area at the time they purchased their lots and homes in the subdivision, it is equally true that their rights were also made subject to reasonable rules and regulations as adopted by the Board of Directors. *Hoey v. San Antonio Real Estate Board*, 297 S.W.2d 214 (Tex.Civ.App.—San Antonio 1956, no writ). The test to be applied to rules proposed by the Board of Directors is one of reasonableness. *Holleman v. Mission Trace Homeowners Ass'n*, 556 S.W.2d 632 (Tex. Civ.App.—San Antonio 1977, no writ).

The Non-Profit Corporation Act provides that a proposed amendment to the bylaws shall be submitted to a vote at a meeting of members, and the proposed amendment shall be adopted upon receiving at least two-thirds of the votes of members present at such meeting. V.A.C.S. art. 1396–4.02 A(3).

■ Courts will not interfere with an association's right of internal management so long as the governing body does not substitute legislation for interpretation, overstep bounds of reason, common sense, or fairness, or contravene public policy or laws of the land in its interpretation and administration. *Adams v. American Quarter Horse Ass'n*, 583 S.W.2d 828 (Tex.Civ. App.—Amarillo 1979, writ ref'd n. r. e.).

■ Before the adoption of the amended regulations, the Board of Directors had called a special meeting of the members of the Association for the purpose of voting thereon. More than two-thirds of the members present at that meeting voted to approve the Board's decision to use golf cart trail fees for maintenance of the golf course and to assess a special charge against the lessees of property for the use of the Association's services and facilities. The trial court obviously found such provision for use of the golf cart trail fees to be reasonable as a matter of law and we agree. Apparent

from the record is that plaintiff's dissatisfaction was "triggered" by the vote to assess these fees.

A successful applicant for injunctive relief such as that sought here must demonstrate the following four grounds for relief: "(1) the existence of a *wrongful act*; (2) the existence of *imminent harm*; (3) the existence of *irreparable injury*; and (4) the *absence of an adequate remedy at law*." Urquhart, "*The Most Extraordinary Remedy: The Injunction*", 45 TEX.B.J. 358 (March, 1982). Without unlawful conduct or proof of intent to commit such conduct, any remedy is improper. We hold the Association's summary judgment proper by its demonstration that plaintiff could not make out such grounds for relief. Frey is not entitled to injunctive relief. The trial court properly granted summary judgment. The Restrictions and Covenants bound not only the original but also subsequent purchasers.

By another point plaintiff contends that certain rights of any lessee of an owner-member of the association are infringed by liability to pay fees and/or assessments. To write upon this question would constitute an advisory opinion improper to be ruled by this court at this time. Plaintiff is an owner, not a lessee.

Appellant's two points of error are overruled.

The judgment of the trial court is affirmed.