**WOMACK–HUMPHREYS ARCHITECTS, INC.,**
Appellant,

v.

**Susan Anne Lucas BARRASSO,**
Appellee.

No. 11–01–00265–CV.

Court of Appeals of Texas,
Eastland.

July 3, 2002.

Stephen Grimmer, Jones, Allen & Fuquay, Dallas, for appellant.

John Roach, Jr., Roach, L.L.P., Plano, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

The trial court permanently enjoined appellant from pursuing the execution of a judgment lien which appellant holds against appellee's husband. We reverse and render a judgment dissolving the injunction.

Vincenzo Barrasso and appellee were married in 1993. Prior to that marriage, Enzo, as appellee calls Vincenzo, pur-

chased the house and the property at 4576 Southgate Drive in Plano. After appellee and Enzo were married, appellee moved into the house. Enzo, however, continued to reside in Verona, Italy, and has never been a citizen of the United States. At some point in time, appellant obtained a judgment against Enzo; appellee was not a party to that lawsuit. Later, appellant sought execution upon that judgment. It was then that appellee filed this lawsuit in which she sought a permanent injunction prohibiting the sale by execution.[1] The trial court found that the property was appellee's homestead and granted a permanent injunction in which it enjoined appellant from "pursuing a writ of execution sale of [appellee's] homestead property."[2]

On appeal, appellant raises five separate issues. Because the issues are related, we will discuss them together. In its issues on appeal, appellant basically takes the position that Enzo had no homestead interest in the property; that the prior lawsuit did not involve appellee; that the current execution was against Enzo's interest, not appellee's; and that whoever took at the execution sale would take subject to appellee's homestead interest. Therefore, appellant claims that appellee would suffer no harm as a result of the execution sale of Enzo's property interest.

The evidence is undisputed, and it was admitted in appellee's testimony, that Enzo had no homestead in the United States. Although appellee's testimony is somewhat confusing, it appears that Enzo had been in the house not more than five times since their marriage. When they would meet, appellee and Enzo would meet in other places such as Vancouver, British Columbia. At the time of the hearing on May 29, 2001, Enzo had not been in the United States since September 1996. Each month Enzo would send appellee $3,000 to $3,500; and, from that amount, she would make various payments including the house payment. However, according to appellee, Enzo "never lived there completely."

We emphasize the fact that appellee brought this suit as one for an injunction. The granting or refusing of an injunction is within the sound discretion of the trial court, and the question on appeal is whether the trial court abused that discretion. *Priest v. Texas Animal Health Commission*, 780 S.W.2d 874 (Tex.App.-Dallas 1989, no writ). The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles. In other words, we determine whether the action of the trial court was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. den'd*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Smithson v. Cessna Aircraft Company*, 665 S.W.2d 439, 443 (Tex.1984); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

Although appellee raises questions concerning Enzo's abandonment of the homestead, we cannot tell from this record that Enzo ever claimed a homestead interest in this property. The record does show, according to appellee's own testimony, that Enzo did not claim a homestead interest in any property in the United

---

1. In the first petition filed in this lawsuit, Enzo was also named as one of the plaintiffs. When the petition was amended later, Enzo was not named as a party. There was no nonsuit filed. There is no issue on appeal which addresses this situation.

2. See TEX. CONST. art. XVI, §§ 50 & 51 and TEX. PROP. CODE ANN. §§ 41.001 & 41.002 (Vernon 2000 & Supp.2002) for constitutional and statutory provisions pertaining to homesteads.

States. The record also shows that appellee does have a homestead interest in the property. However, appellant is not attempting to execute upon appellee's homestead interest; the attempted execution is against Enzo's non-homestead interest.

In *Laster v. First Huntsville Properties Company*, 826 S.W.2d 125 (Tex.1991), a husband and wife obtained a divorce. The wife was given the possessory interest in the home belonging to the parties. The wife was to continue in possession of the property until the youngest of two children reached the age of 18. When the youngest child reached the age of 18, the property was to be sold and the proceeds divided in certain percentages to the wife and to the husband. Prior to the time that the youngest child reached the age of 18, the husband executed a deed of trust conveying his interest in the property as security for a loan. The holder of the note later foreclosed on the husband's interest and sold it. After the youngest of the children turned 18, the new owner of the interest filed suit for partition. The court recognized that the lien on the husband's interest was valid. The husband held no homestead interest which required protection. The purchaser of the former husband's interest did, however, take that interest subject to the homestead rights of the former wife. We hold that the same is true in this case. Appellant was entitled to obtain execution of its judgment against Enzo's interest in the property, subject to appellee's homestead interest in the property.[3]

 In order to obtain an injunction, it was appellee's burden to show: the existence of a wrongful act; the existence of imminent harm; the existence of irreparable injury; and the absence of an adequate remedy at law. *Frey v. DeCordova Bend Estates Owners Association*, 632 S.W.2d 877 (Tex.App.-Fort Worth, 1982), *aff'd*, 647 S.W.2d 246 (Tex.1983). Again, appellant is not attempting to execute upon appellee's homestead interest but, rather, on Enzo's non-homestead interest; and there is no imminent harm or irreparable injury to appellee. The injunction should not have been issued. Insofar as appellant's Issues Nos. II, III, IV, V, and VI on appeal address that theory, they are sustained. We need not address appellant's other issues.

Because the trial court abused its discretion when it granted the injunction in this case, we reverse and render judgment which dissolves that injunction.

---

3. Appellant argues that appellee's homestead interest in the property is merely that of a tenant at will. We do not express any opinion on the correctness of appellant's claim because, as we have stated, we cannot reach that issue in the posture in which this case reaches us.