11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                         

Womack-Humphreys
Architects, Inc.

Appellant

Vs.                   No.
11-01-00265-CV B Appeal from Dallas County

Susan Anne Lucas Barrasso

Appellee

 

The trial
court permanently enjoined appellant from pursuing the execution of a judgment
lien which appellant holds against appellee=s husband.  We reverse and
render a judgment dissolving the injunction.

Vincenzo
Barrasso and appellee were married in 1993. 
Prior to that marriage, Enzo, as appellee calls Vincenzo, purchased the
house and the property at 4576 Southgate Drive in Plano.  After appellee and Enzo were married,
appellee moved into the house.  Enzo,
however, continued to reside in Verona, Italy, and has never been a citizen of
the United States.  At some point in
time, appellant obtained a judgment against Enzo; appellee was not a party to
that lawsuit.  Later, appellant sought
execution upon that judgment.  It was
then that appellee filed this lawsuit in which she sought a permanent
injunction prohibiting the sale by execution.[1]  The trial court found that the property was
appellee=s homestead and granted a permanent
injunction in which it enjoined appellant from Apursuing a writ of execution sale of [appellee=s] homestead property.@ [2]








On appeal,
appellant raises five separate issues. 
Because the issues are related, we will 
discuss them together.  In its
issues on appeal, appellant basically takes the position that Enzo had no
homestead interest in the property; that the prior lawsuit did not involve
appellee; that the current execution was against Enzo=s interest, not appellee=s; and that whoever took at the execution
sale would take subject to appellee=s homestead interest. 
Therefore, appellant claims that appellee would suffer no harm as a
result of the execution sale of Enzo=s property interest.

 The evidence is undisputed, and it was
admitted in appellee=s
testimony, that Enzo had no homestead in the United States.  Although appellee=s testimony is somewhat confusing, it appears
that Enzo had been in the house not more than five times since their
marriage.  When they would meet,
appellee and Enzo would meet in other places such as Vancouver, British
Columbia.  At the time of the hearing on
May 29, 2001, Enzo had not been in the United States since September 1996.  Each month Enzo would send appellee $3,000
to $3,500; and, from that amount, she would make various payments including the
house payment. However, according to appellee, Enzo Anever lived there completely.@

We
emphasize the fact that appellee brought this suit as one for an
injunction.  The granting or refusing of
an injunction is within the sound discretion of the trial court, and the
question on appeal is whether the trial court abused that discretion.  Priest v. Texas Animal Health Commission,
780 S.W.2d 874 (Tex.App. B Dallas 1989, no writ).  The
test for abuse of discretion is whether the court acted without reference to
any guiding rules or principles.  In
other words, we determine whether the action of the trial court was arbitrary
or unreasonable.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238 (Tex.1985), cert. den=d, 476 U.S. 1159 (1986); Smithson v. Cessna Aircraft Company, 665 S.W.2d
439, 443 (Tex.1984); Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126
(Tex.1939). 

Although
appellee raises questions concerning Enzo=s abandonment of the homestead, we cannot tell from this record that
Enzo ever claimed a homestead interest in this property.  The record does show, according to appellee=s own testimony, that Enzo did not claim a
homestead interest in any property in the United States.  The record also shows that appellee does
have a homestead interest in the property. 
However, appellant is not attempting to execute upon appellee=s homestead interest; the attempted execution
is against Enzo=s non-homestead interest.








In Laster
v. First Huntsville Properties Company, 826 S.W.2d 125 (Tex.1991), a husband
and wife obtained a divorce.  The wife
was given the possessory interest in the home belonging to the parties.  The wife was to continue in possession of
the property until the youngest of two children reached the age of 18.  When the youngest child reached the age of
18, the property was to be sold and the proceeds divided in certain percentages
to the wife and to the husband.  Prior
to the time that the youngest child reached the age of 18, the husband executed
a deed of trust conveying his interest in the property as security for a loan.  The holder of the note later foreclosed on
the husband=s interest and sold it.  After the youngest of the children turned
18, the new owner of the interest filed suit for partition.  The court recognized that the lien on the
husband=s interest was valid.  The husband held no homestead interest which
required protection.  The purchaser of
the former husband=s
interest did, however, take that interest subject to the homestead rights of
the former wife.  We hold that the same
is true in this case.  Appellant was
entitled to obtain execution of its judgment against Enzo=s interest in the property, subject to
appellee=s homestead interest in the property.[3]

In order
to obtain an injunction, it was appellee=s burden to show:  the existence
of a wrongful act; the existence of imminent harm; the existence of irreparable
injury; and the absence of an adequate remedy at law.  Frey v. DeCordova Bend Estates Owners Association, 632 S.W.2d 877
(Tex.App. B Fort Worth, 1982), aff=d, 647 S.W.2d 246 (Tex.1983). 
Again, appellant is not attempting to execute upon appellee=s homestead interest but, rather, on Enzo=s non-homestead interest; and there is no
imminent harm or irreparable injury to appellee.  The injunction should not have been issued.  Insofar as appellant=s Issues Nos. II, III, IV, V, and VI on
appeal address that theory, they are sustained.  We need not address appellant=s other issues.

Because
the trial court abused its discretion when it granted the injunction in this
case, we reverse and render judgment which dissolves that injunction.

 

JIM
R. WRIGHT

JUSTICE

 

July 3, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]In the first petition filed in this lawsuit, Enzo was
also named as one of the plaintiffs. 
When the petition was amended later, Enzo was not named as a party.  There was no nonsuit filed.  There is no issue on appeal which addresses
this situation.





[2]See TEX. CONST. art. XVI, '' 50 & 51 and TEX. PROP. CODE ANN. '' 41.001 & 41.002 (Vernon 2000 & Supp. 2002) for
constitutional and statutory provisions pertaining to homesteads.





[3]Appellant argues that appellee=s homestead interest in the property is merely that of
a tenant at will.  We do not express any
opinion on the correctness of appellant=s
claim because, as we have stated, we cannot reach that issue in the posture in
which this case reaches us.