Eugene C. **FREY**, Petitioner,

v.

**DeCORDOVA BEND ESTATES OWN-ERS ASSOCIATION**, Respondents.

No. C–1380.

Supreme Court of Texas.

March 9, 1983.

Rehearing Denied April 6, 1983.

Bailey F. Rankin, Granbury, for petitioner.

Ralph H. Walton, Jr., Granbury, for respondents.

WALLACE, Justice.

This is an appeal from a summary judgment. Eugene C. Frey (Frey) filed suit for an injunction against DeCordova Bend Estates Owners Association (Association). Frey sought to enjoin the Association's pos-

sible assessment and collection of certain special fees from owners of property within the subdivision. These fees were $300 for a permit to build a house, $100 to transfer ownership of a lot, and $100 to lease a lot. The covenants provide that any unpaid fees will become a lien upon the lot in question and further give the Association the right to foreclose upon that lien in the event of nonpayment. Frey is currently under no obligation to pay any such fees. Both parties filed motions for summary judgment. The trial court denied Frey's motion and granted the motion of the Association. The court of appeals affirmed the judgment of the trial court. 632 S.W.2d 877. We affirm the judgment of the court of appeals.

The issues presented are: (1) whether the assessments complained of are authorized by the restrictions and covenants of record which became a part of each landowner's deed at the time of purchase; and (2) if such assessments are unauthorized, has Frey demonstrated the existence of an actual irreparable injury, not remediable at law, that would entitle him to permanent injunctive relief? The pertinent sections of the covenants (Sections 15, 16 and 19) and by-laws (Sections 3 and 4) are reproduced in full below.[1] Frey contends that the only

1. *Covenants:*

15. Upon acceptance of an application for membership in DeCordova Bend Estates Owners Association, Inc. and the simultaneous execution of a sales contract or the acceptance of a Deed, each purchaser shall become a member of DeCordova Bend Estates Owners Association, Inc. (herein referred to as "The Association"), a non-profit corporation organized for the purpose of providing the members with clubhouse and private recreation facilities and to establish and maintain parks, ways, lanes, golf course, marine facilities, security protection, and other services for the common benefit of its members, including purchasers of lots from Dedicator, its successors and assigns. Said membership shall be conditioned upon observance of the rules and regulations established by The Association for the benefit and general welfare of its members and for the official operation thereof. Said membership shall also be conditioned upon payment, when due, of such dues, fees, and charges as The Association shall find necessary for the maintenance of the club facilities and services, including but not limited to the maintenance of lanes, ways, parks, golf course, marine facilities and any other services and benefits which The Association may provide for the benefit of the lots, facilities, and members. 75 per cent of the voting stock of The Association shall be retained by Dedicator until such time as the voting rights shall be transferred to the membership at large, in accordance with the bylaws of The Association.

16. By the acceptance and retention of title to any lot in the DeCordova Bend Estates, Phase I, each Grantee, his heirs and assigns, who is or becomes a member of The Association does hereby covenant and agree that The Association, its successors and assigns, shall have a lien upon the subject lots or lots second only to liens for taxes and any duly-recorded mortgage to secure the payment of the aforementioned dues, fees, and charges, including court costs and reasonable attorney's fees incurred in connection with the collection of the same, it being agreed and understood that this covenant and agreement shall be in addition to and shall not be affected by such contracts, security agreements, and applications as such Grantees, their heirs or assigns, may enter into with The Association.

19. Beginning January 1, 1970, each purchaser of a lot from Dedicator, its successors and assigns, shall be assessed the sum of $12.50 per month for the maintenance and operations of The Association's services and facilities, and Dedicator shall pay all other sums incurred by The Association for the construction, development, and operation of its facilities and services. Such assessments shall continue until Dedicator has transferred the voting rights in the stock to the membership at large; thereafter, such assessment shall be determined by The Association in accordance with its bylaws, and neither Dedicator nor any corporation or other entity with substantially the same ownership and control as Dedicator shall ever be assessed by The Association for any unimproved lot owned by it or transferred to a corporation or other entity with substantially the same ownership and control.

*By-laws,* ARTICLE IV:

Section 3. *Management of the Recreation Area.* After the property and Recreational Area have been turned over to the Corporation by Declarant, the corporation, by and through its Board of Directors, has the sole responsibility and liability for the maintenance, improvement, management, administration and regulation of said Recreational Area, and funds for such purposes, including all taxes on said Recreational Area shall be secured by the Corporation from the assessments as hereinafter provided; provided, the Corporation may provide for additional charges, other than assessments, for the use of the facilities in said Recreational Area, and for services provided to members (including Apartment Tenants).

Section 4. *Title to the Recreational Area.* The title to said Recreational Area shall be and

permissible assessments other than user fees, are those levied on all property owners equally. He further contends that the building, transfer and leasing fees are not levied on all property owners and are thus not permitted. We agree with that contention.

A study of the covenants and bylaws of the Association leads us to interpret the terms of the agreements as providing: that all property owners were also Association members; that the Association was to take title to the common property and recreational facilities in trust for all of its members; that the Association was to maintain and operate the common properties and recreational facilities, to charge user fees when appropriate and to levy only those monthly assessments sufficient to defray the actual costs of maintaining and operating its facilities and to adjust those fees annually as becomes necessary. It is evident the covenants and bylaws require these charges to be levied evenly upon all users and that the assessments were to be equally imposed upon all property owners.

The Association contends that Frey has not built upon, sold or leased his lot; therefore he has failed to make the requisite proof of the existence of an actual irreparable injury which is necessary to support the granting of injunctive relief. The record reflects no attempt or even intent by Frey to build upon, sell or lease his lot; nor is there a showing that the Association intends to assess a fee against Frey. Absent such proof, he is not entitled to injunctive relief. *Luccous v. J.C. Kinley Co.,* 376 S.W.2d 336, 341 (Tex.1964). Moreover, fear or apprehension of the possibility of injury alone is not a basis for injunctive relief. *Schulman v. City of Houston,* 406 S.W.2d 219, 225 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.).

The mere invalidity of the contested fees does not constitute a substantial and actual injury or threat of imminent harm to Frey; therefore, he did not show that he was entitled to injunctive relief. Since Frey has sought only injunctive relief in this case, the trial court was correct in granting summary judgment for the Association.

The judgment of the court of appeals is affirmed.

BARROW and CAMPBELL, JJ., concur in the result.

---

remain in Declarant as long as Declarant is still a member of the Corporation as hereinafter provided; when Declarant is no longer a member of the Corporation, at that time the Corporation shall accept from the Declarant the title to said Recreational Area; provided that nothing herein contained shall be construed as to make Declarant responsible or liable, other than as a member of the Corporation, for the maintenance, taxes, upkeep or other expenses of said Recreational Area, such expenses being assumed from the date of the adoption of these By-Laws by the Corporation; and provided further that nothing herein contained shall prevent Declarant from conveying title to said Recreational Area to the Corporation and the Corporation from accepting such title at an earlier time than is herein specified at the option of Declarant. In the original Restrictions filed pertaining to the Property, it was stated that Declarant would construct and complete original recreational facilities as follows: a nine hole golf course, club house including furniture and fixtures, swimming pool, marina with boat launching ramp, tennis courts; public areas, riding areas, camping areas, and playground areas, and these original recreational facilities were planned to be given by Declarant to the Corporation at the time Declarant turns over the Property and the Recreational Area to the Corporation at no cost to the Corporation; there have been additional recreational facilities at the special request of some of the property owners (mostly income producing) that have been added to enhance the Property and it is agreed that when Declarant has been reimbursed (cost plus 10% per annum of cost to the date of reimbursement) for the installation of these additional recreational facilities solely from the income from such facilities, the Declarant shall convey said additional recreational facilities to the Corporation at no cost to the Corporation; said additional recreational facilities include boat stalls and stables. Since the initial Restrictions were filed Declarant has added an additional 9 hole golf course which Declarant will convey to the Corporation at no cost to said Corporation.