In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-322 CV


 ______________________



MARIA PALLOTTA, DAVID LOPEZ, AND


DOLPHIN TECHNICAL INSTITUTE, Appellants



V.



TEXAS DEPARTMENT OF LICENSING & 


REGULATION, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-165,031






MEMORANDUM OPINION


 Plaintiffs Maria Pallotta, David Lopez, and Dolphin Technical Institute appeal the trial
court's judgment granting the second plea to the jurisdiction filed by defendant Texas
Department of Licensing and Regulation, and dismissing plaintiffs' suit against TDLR. We
affirm.

 Pallotta and Lopez alleged they own Dolphin Technical Institute, a trade school
attended by a predominantly minority student body. Plaintiffs maintained that Carolyn
Modica, an inspector for TDLR, prompted one of Dolphin's students to falsely allege that
plaintiffs had made certain bookkeeping errors and to file a complaint with the Texas
Department of Education. Although the Texas Department of Education dismissed the
complaint, Modica allegedly used the complaint, "with some alteration," to justify an
inspection of the school in December 2000. During the inspection, Modica demanded to see
the school's time records. She "grabbed" the records and refused to return them. 
Apparently, at some point that day, Modica assaulted Pallotta. Modica was convicted of
misdemeanor assault, and in a previous opinion, this Court affirmed her conviction. See
Modica v. State, 151 S.W.3d 716 (Tex. App.--Beaumont 2004, pet. ref'd), cert. denied, 126
S.Ct. 2895, 165 L.Ed.2d 923, 74 U.S.L.W. 3703 (2006). 

 Maria Pallotta, David Lopez, and Dolphin filed suit against Modica and TDLR. They
alleged the following: Modica's conduct was "substantially motivated . . . by
[c]onstitutionally proscribed discriminatory motives"; TDLR ratified Modica's conduct; and
Modica was a "policy-maker" of TDLR. The plaintiffs sought injunctive and declaratory
relief against TDLR pursuant to 42 U.S.C. § 1983 and the Texas Constitution. TDLR filed
a plea to the jurisdiction asserting sovereign immunity. The trial court denied TDLR's plea
to the jurisdiction. TDLR appealed. Tex. Dep't of Licensing and Regulation v. Pallotta, No.
09-06-055 CV, 2006 Tex. App. Lexis 7496 (Tex. App.--Beaumont, Aug. 24, 2006, no pet.). 
This Court reversed the trial court's denial of the plea as to the section 1983 claims and
dismissed those claims. See id. at *14. As to plaintiffs' claims under the Texas Constitution,
this Court held that the trial court should have required plaintiffs to replead those claims. Id. 
Plaintiffs repled their claims under the Texas Constitution. TDLR filed a second plea to the
jurisdiction. (1) The trial court granted the plea and dismissed plaintiffs' suit against TDLR. 

 A plea questioning the trial court's subject-matter jurisdiction raises a question of law
that we review de novo. See Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004). We look first at the plaintiffs' petition to determine whether the facts pled
affirmatively demonstrate that subject-matter jurisdiction exists. Id. If the pleadings are
insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect,
the plaintiff should be afforded the opportunity to replead. Id. at 226-27. A plea should not
be granted if the evidence creates a fact issue regarding the court's jurisdiction; but if the
pleadings affirmatively demonstrate an incurable jurisdictional defect, then the plea to the
jurisdiction must be granted. Id. at 227-28. "[A] court deciding a plea to the jurisdiction is
not required to look solely to the pleadings but may consider evidence and must do so when
necessary to resolve the jurisdictional issues raised. The court should, of course, confine
itself to the evidence relevant to the jurisdictional issue." Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000). 

 Appellants maintain the trial court erroneously granted appellee's motion to dismiss
and the second plea to the jurisdiction. Appellants contend their fifth amended petition
contains specific facts establishing the trial court's jurisdiction. Appellants' fifth amended
petition states appellants seek (1) a declaration that TDLR and Modica violated appellants'
rights under the First and Fourteenth Amendments of the United States Constitution, (2) a
declaration that TDLR and Modica violated appellants' constitutional rights under sections
one and three of article one of the Texas Constitution, and (3) an injunction against TDRL
from further violating appellants' rights through Modica's successor. 

 TDLR argues that appellants' past claims relating to Modica's conduct and the former
operation of Dolphin are moot, and that "there is no legitimate threat of imminent harm to
any Plaintiff based on any future relationship with [TDLR] that is not remote, contingent or
speculative, and therefore not ripe[.]" Declaratory judgment actions cannot be used to
resolve hypothetical or contingent situations. Firemen's Ins. Co. of Newark, N.J. v. Burch,
442 S.W.2d 331, 333 (Tex. 1968). Appellate courts are prohibited from deciding moot
controversies. Camarena v. Tex. Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988). 
To avoid rendering advisory opinions, a court should only decide cases in which a live
controversy exists at the time of the decision. See id. A case becomes moot if a controversy
ceases to exist or the parties lack a legally cognizable interest in the outcome. Bd. of
Adjustment of San Antonio v. Wende, 92 S.W.3d 424, 427 (Tex. 2002); see generally Sec. &
Exch. Comm'n v. Med. Comm. for Human Rights, 404 U.S. 403, 406, 92 S.Ct. 577, 30
L.Ed.2d 560 (1972). 

 At the hearing on TDLR's second plea to the jurisdiction and motion to dismiss,
TDLR offered testimony from Melody J. Richards, an inspector for TDLR. Richards
testified that, according to TDLR's records, Dolphin's license had expired on December 31,
2006, and the school had ceased doing business. She spoke with David Lopez around the
time of Dolphin's closure, and Lopez told her that "he was going to have to close, that he had
paid somebody to do some business for him and they didn't do what they were supposed to
do and he could no longer stay in business." In February 2007, she personally went to the
location of the Dolphin school. A "[n]otice of lock out due to lack of rent payment" had
been posted on the door. She could see inside and the stations were there, but no business
was being conducted. When she visited again the morning of the hearing, the location
appeared the same as in February.

 The injury underlying a claim for injunctive relief must be actual and substantial, or
there must be a real, affirmative prospect of an actual and substantial injury. Parkem Indus.
Servs., Inc. v. Garton, 619 S.W.2d 428, 430 (Tex. Civ. App.--Amarillo 1981, no writ). An
injunction will not issue to prevent merely speculative harm. See, e.g., Camarena, 754
S.W.2d at 151; Frey v. De Cordova Bend Estates Owners Ass'n, 647 S.W.2d 246, 248 (Tex.
1983). In this case, the only purpose for seeking declarations that TDLR violated appellants'
rights in the past would be if that conduct relates to the issuance of future injunctive relief. 
The trial court heard evidence that Dolphin's license has expired and that the school is no
longer in business. No live controversy exists. Appellants' claims for declaratory relief are
moot. See Wende, 92 S.W.3d at 427. 

 Even if Dolphin reopened at a new location on a later date, the school would have to
apply for a new license and be inspected prior to operating. See Tex. Occ. Code Ann. §§
1602.301, 1602.402 (Vernon 2004); 16 Tex. Admin. Code § 83.29(a),(b) (2008). If the
ownership of Dolphin changed, the new owner would have to apply for a new license within
thirty days after the ownership change. 16 Tex. Admin. Code § 83.29(c) (2008). From our
review of the pleadings, appellants apparently do not seek an injunction against TDLR
related to the renewal of Dolphin's license. A judgment enjoining TDLR based on
possibility, or on possible actions by Modica's successor in the event of a possible re-application, would address speculative harm. 

 The trial court did not err in granting TDLR's motion to dismiss and second plea to
the jurisdiction. We overrule appellants' issue on appeal. The trial court's judgment is
affirmed.


 AFFIRMED. 


 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on June 11, 2008

Opinion Delivered July 17, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Modica did not join TDLR's second plea to the jurisdiction, and the order appealed
from does not adjudicate the claim against her.