TEXAS COURT OF APPEALS, THIRD DISTRICT, AT 
AUSTIN
NO. 03-07-00539-CV
Etan Industries, Inc. and Etan Industries, 
Inc., d/b/a CMA Cablevision and/or
CMA Communications, Appellants
v.
Ronald Lehmann and Dana Lehmann, 
Appellees
FROM THE DISTRICT COURT OF 
LEE COUNTY, 21ST JUDICIAL DISTRICT
NO. 13,010, 
HONORABLE TERRY L. FLENNIKEN, JUDGE 
PRESIDING
D I S S E N T I 
N G O P I N I O N
I respectfully dissent. By December 2002, the Lehmanns knew or should have 
known that Etan did not have a contractual or legal right to use Bluebonnet's 
easement, and had reason to believe that Etan did not have its own easement over 
their property. They waited to file suit until October 2005, more than two years 
later. Consequently, their tort claims are barred by limitations as a matter of 
law. Because the Lehmanns' tort claims are barred, and because I conclude the 
Lehmanns are not entitled to either injunctive or declaratory relief, I would 
dissolve the injunction and reverse the portions of the district court judgment 
awarding damages, declaratory relief, and attorneys' fees.
Limitations
The majority applies the doctrine of fraudulent concealment and holds that 
the Lehmanns did not actually know until July 2004 that Etan was not authorized 
to use the Bluebonnet easement and that the placement of the cables was, 
therefore, actionable. However, even construing the facts and evidence in a 
light most favorable to the Lehmanns with respect to their allegations of 
fraudulent concealment, 
(1) the Lehmanns' causes of action, in 
fact, accrued in December 2002, when they acquired knowledge of facts that, in 
the exercise of reasonable diligence, would lead to the discovery of the 
wrongful act.
It is undisputed that the Lehmanns learned that Etan had run cable along 
Bluebonnet's poles on the Highway 77 Property in December 2000. The Lehmanns 
contend that they were told, and believed, that Etan either had its own easement 
or had an agreement with Bluebonnet whereby it was authorized to use 
Bluebonnet's easement for its cable lines. However, by December 2002, (1) 
Bluebonnet had told the Lehmanns that Etan, while permitted to attach its cable 
to Bluebonnet's poles, was contractually obligated to acquire its own easements 
from the property owner, (2) the Lehmanns knew that Etan had failed to provide 
them with any proof of its having acquired its own easement, and (3) the 
Lehmanns had searched the Lee County records and found no record that Etan or 
any other entity had acquired an easement for cable lines over their property. 
The Lehmanns were also aware in December 2002 of the Krohn 
case, 
(2) which held that cable companies were 
not permitted to "piggy-back" on electric cooperative easements. See Marcus 
Cable Assocs., L.P. v. Krohn, 90 S.W.3d 697, 699 (Tex. 2002) (easement that 
permits holder to use private property for purpose of constructing and 
maintaining "an electric transmission or distribution line or system" does not 
allow easement to be used for cable-television lines).
By December 2002, then, the Lehmanns knew or should have known of facts that, 
in the exercise of reasonable diligence, would have led them to the discovery 
that Etan did not have a contractual or legal right to use Bluebonnet's 
easement. The Lehmanns also had reason to believe that Etan did not have its own 
easement over their property. 
(3) Consequently, regardless of the 
application of either the doctrine of fraudulent concealment or the discovery 
rule, limitations began to run at the latest in December 2002. See Bell v. 
Showa Denko, K.K., 899 S.W.2d 749, 754 (Tex. App.--Amarillo 1995, writ 
denied) (limitations period triggered when plaintiff has knowledge of facts that 
would cause a reasonable person to diligently make inquiry to determine his 
legal rights). The Lehmanns did not bring their tort claims within two years of 
when they accrued. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) 
(West 2008) (two-year statute of limitations applies to action for trespass or 
injury to property). Therefore, their tort claims are barred, and the district 
court's judgment should be reversed. Schneider Nat'l Carriers, Inc. v. 
Bates, 147 S.W.3d 264, 274-75 (Tex. 2004) ("Accrual of limitations is a 
question of law for the court."). 
(4)
Declaratory Relief
In addition, the majority errs by holding that the district court's grant of 
the Lehmanns' requested declaratory relief was proper. The district court made 
the following declarations:
1. Bluebonnet's electrical easement across the Highway 77 Property and the 
Highway 290 Property did not and does not provide Etan with a telecommunications 
easement or any right-of-way on, over or across those properties for the 
construction, installation, presence, operation or maintenance of fiber optic 
cable(s) or television cable(s) for television or any other communication 
services; and
2. No agreement between Bluebonnet and Etan provides Etan with a 
telecommunications easement or right-of-way on, over or across the Highway 77 
Property and the Highway 290 Property.
I would hold that declaratory relief was improper because the declarations in 
this case add nothing to what would be implicit or express in a final judgment 
for the other remedies sought in the same action. See MBM Fin. v. Woodlands 
Operating Co., 251 S.W.3d 174, 182 (Tex. App.--Beaumont 2008, no pet.); 
Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth, 150 S.W.3d 617, 
627 (Tex. App.--Austin 2004, no pet.); Kenneth Leventhal & Co. 
v. Reeves, 978 S.W.2d 253, 258-59 (Tex. App.--Houston [14th Dist.] 1998, no 
pet.).
Regarding the Highway 77 Property, the final judgment rendered by the 
district court includes a finding that Etan trespassed on the property. Trespass 
to real property requires a showing of an unauthorized physical entry onto the 
plaintiff's property. Cain v. Rust Indus. Cleaning Servs. Inc., 969 
S.W.2d 464, 470 (Tex. App.--Texarkana 1998, writ denied). Implicit in the jury's 
finding that Etan trespassed is a determination that Etan was not authorized--by 
virtue of the Bluebonnet easement, its agreements with Bluebonnet, or 
otherwise--to place its cable over the Highway 77 Property. A declaration that 
Etan had no right to use the Bluebonnet easement adds nothing to what is 
implicit in the finding that Etan trespassed on the Lehmanns' 
property. 
(5)
Regarding the Highway 290 Property, the final judgment rendered by the 
district court includes a finding that Etan had a prescriptive easement over the 
property. A prescriptive easement requires open and notorious, exclusive, 
uninterrupted and continuous use of another's land adverse to the owner's 
claim of right for ten years. Implicit in the finding that Etan's use was 
"adverse" is the determination that Etan was not authorized to use the easement 
by virtue of the Bluebonnet easement or otherwise. A declaration that Etan did 
not obtain such a right from Bluebonnet is duplicative of and adds nothing to 
what is implicit or explicit in the prescriptive easement finding. See 
Hageman/Fritz, Byrne, Head & Harrison, L.L.P., 150 S.W.3d at 627; 
MBM Fin., 251 S.W.3d at 182.
Moreover, the district court's finding rendered the question of whether Etan 
had a right to use the Bluebonnet easement on the Highway 290 Property moot. 
Declaratory judgments are only appropriate when a real controversy exists 
between the parties and the entire controversy may be determined by the 
declaration. OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P., 
234 S.W.3d 726, 745 (Tex. App.--Dallas 2007, pet. denied). In the present case, 
Etan claimed to have an easement by prescription over the Highway 290 property. 
A declaration that Etan did not obtain an easement by agreement or otherwise 
from Bluebonnet would not resolve the dispute between Etan and the Lehmanns as 
to whether Etan had obtained a prescriptive easement over the Highway 290 
Property by its own use of the property. See Brooks v. Northglen Ass'n, 
141 S.W.3d 158, 164 (Tex. 2004) (declaratory judgment requires justiciable 
controversy, and declaration sought must actually resolve controversy). 
Furthermore, once the district court rendered judgment that Etan had easement 
rights over the Highway 290 Property by virtue of the prescriptive easement, 
there was no further controversy regarding Etan's right to maintain the cable 
line on the property.
Having concluded that declaratory relief was not authorized, I would also 
reverse the district court's award of attorneys' fees made pursuant to the 
Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code 
Ann. § 37.009 (West 2008).
Injunctive Relief
I also disagree with the majority's affirming of the district court's award 
of injunctive relief. In its final judgment, the district court enjoined Etan 
from:
1. Constructing, installing, hanging, placing, attaching, allowing, 
commingling, operating or maintaining any additional or other fibers, sets of 
fibers or fiber optic cables, on any of the electric utility poles that run 
across the Highway 77 Property, or on any other part or portion of the Highway 
77 Property;
2. Entering on, traveling across or traversing any part or portion of the 
Highway 77 Property; and
3. Interfering with, interrupting, disrupting, preventing, delaying or 
prohibiting the full, sole and exclusive use, enjoyment and possession of the 
Highway 77 Property by Ronald Lehmann and Dana Lehmann.
I believe the trial court abused its discretion by granting this injunctive 
relief. My review of the record indicates that the evidence was not sufficient 
to raise a fact issue on imminent harm.
To obtain the injunctive relief sought, the Lehmanns had the burden of 
presenting evidence of an imminent threat that Etan would attempt to enter their 
Highway 77 Property, hang cable on poles located on the property, or otherwise 
interfere with or disrupt their use and enjoyment of the property. See 
Christensen v. Integrity Ins. Co., 719 S.W.2d 161, 163 (Tex. 1986) (party 
seeking injunction has burden of showing that clear equity demands it); Frey 
v. DeCordova Bend Estates Owners Ass'n, 632 S.W.2d 877 (Tex. App.--Fort 
Worth 1982), aff'd, 647 S.W.2d 246 (Tex. 1983) (party seeking 
injunction has burden of proof).
Evidence that Etan believed, and continues to believe, that it had a right to 
hang its cables on poles on the Highway 77 Property is not sufficient to sustain 
the Lehmanns' burden of establishing imminent harm. See Democracy Coalition 
v. City of Austin, 141 S.W.3d 282, 296 (Tex. App.--Austin 2004, no pet.) 
(purpose of injunctive relief is to "halt wrongful acts that are threatened or 
in the course of accomplishment, rather than to grant relief against past 
actionable wrongs or to prevent the commission of wrongs not imminently 
threatened"). That Etan engaged in such conduct in the past is also not enough 
to show imminent harm. Frey, 647 S.W.2d at 248. The evidence at trial 
established that Etan removed the cable line from the Highway 77 Property before 
trial. Etan spent a considerable amount of money setting new poles to relocate 
the cable line off the Highway 77 Property and onto the state highway 
right-of-way on the other side of the highway. There was no evidence indicating 
that Etan has any intention of entering the Highway 77 Property. Thus, there is 
no evidence in this context of imminent harm. See Markel v. World Flight, 
Inc., 938 S.W.2d 74, 80 (Tex. App.--San Antonio 1996, no writ) ("An 
injunction does not lie to prevent an alleged threatened act, the commission of 
which is speculative and the injury from which is merely conjectural.").
Conclusion
Having concluded that the Lehmanns' tort claims arising out of Etan's 
unauthorized placement of cable on its Highway 77 Property are barred by 
limitations, I would reverse the portion of the district court's judgment 
awarding $15,000 in damages and $1,627.35 in pre-judgment interest, and render 
judgment that the Lehmanns take nothing by way of those claims. Having also 
concluded that the Lehmanns are not entitled to declaratory relief under the 
circumstances of this case, I would reverse the portion of the district court 
judgment awarding the Lehmanns declaratory relief and attorneys' fees. Finally, 
since the Lehmanns failed to meet their burden of establishing imminent harm, I 
would dissolve the injunction.
_____________________________________________
G. Alan Waldrop, Justice
Before Justices Patterson, Waldrop and Henson
Filed: March 26, 2010 
1. For the purposes of the analysis in this case, I express 
no opinion as to whether the discovery rule is applicable under the 
circumstances presented here or whether Etan's conduct constituted fraudulent 
concealment. Under the facts of this case, limitations has run even assuming, 
without deciding, that the Lehmanns have the benefit of the discovery rule and 
the doctrine of fraudulent concealment. See Bordelon v. Peck, 661 
S.W.2d 907, 908 (Tex. 1983) (fraudulent concealment); Steel v. Rhone 
Poulenc, Inc., 962 S.W.2d 613, 618 (Tex. App.--Houston [1st Dist.] 1997), 
aff'd, 997 S.W.2d 217 (Tex. 1999) (discovery rule). 
2. Given that the Lehmanns were aware of the holding of the 
Krohn case, I do not find significant that they "did not have a copy of 
the decision or even know its name." 
3. A point confirmed by the Lehmanns' seeking the advice of 
an attorney in mid-2003. 
4. The Lehmanns' tort claims are barred even if, as the 
Lehmanns alternatively contend, the injury to their property giving rise to 
their tort claims is not the presence of the cable on their property, but rather 
the signal running through the cable. The Lehmanns argue that a new and 
different cause of action accrued each time a "pulsing, sporadic and 
intermittent" signal was transmitted down the line and that causes of action for 
any alleged trespasses occurring in the two-year period prior to their filing 
suit were not time-barred.
In Schneider National Carriers, Inc. v. Bates, the supreme court 
held that a nuisance is "permanent" if it is sufficiently constant or regular, 
no matter how long between occurrences, that the future impact on the property 
can be reasonably evaluated. 147 S.W.3d 264, 281 (Tex. 2004). A cause of action 
for a permanent injury accrues when the injury first occurs or is discovered. By 
contrast, when the future impact of the nuisance is speculative because it is so 
irregular or intermittent that future injury cannot be estimated with reasonable 
certainty, the nuisance is considered "temporary," the continuing tort doctrine 
applies, and the plaintiff is permitted to assert a new claim each time the 
nuisance occurs. Id. at 281. Applying this analytical framework, I 
would conclude that even if the trespass at issue is the signal going through 
the cable line rather than the presence of the cable line itself, the injury is 
permanent. The purpose of the cable line is to transport signals. Although each 
signal is itself discrete, the transmission of signals through the cable is 
sufficiently constant or regular that the impact on the property may be 
reasonably evaluated. The alleged injury here, therefore, is a permanent one, 
and the continuing tort doctrine does not apply. 
5. The majority relies on Universal Printing Co. v. 
Premier Victorian Homes, 73 S.W.3d 283 (Tex. App.--Houston [1st Dist.] 
2001, pet. denied), to hold that, because Etan took the position at trial that 
it had the right to use Bluebonnet's easement, a declaration that Etan did not 
have the right to use the easement was proper and required. In Universal 
Printing, a homebuilder sued neighboring homeowners to prevent them from 
blocking an alley. 73 S.W.3d at 283. At issue was whether the homebuilder had a 
right to ingress and egress through an alley superior to the homeowners' rights 
to use the alley. The homeowners took the position that they owned the alley and 
filed affidavits of adverse possession in public records. The homeowners 
testified at trial that they owned the alley and did not revoke their adverse 
possession affidavits, which remained in the deed records. The court of appeals 
held that "we are persuaded by a significant matter here--the existence of the 
adverse possession affidavits (which were recorded in the public records)--that 
a declaratory action was proper." Id. at 297. The justification for 
permitting declaratory relief in Universal Printing does not exist 
here. In the present case, Etan merely presented testimony at trial in defense 
of a claim of trespass--that Etan believed it had an oral agreement with 
Bluebonnet allowing it to use Bluebonnet's easement. If a defendant's 
presentation of evidence to refute a plaintiff's claims were sufficient to 
warrant declaratory relief, declaratory relief would be proper in every 
contested case.