

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00258-CV

DAVID GLEN HARRIS                                    APPELLANT

V.

LUDENE HARPER                                        APPELLEE

----------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Glen Harris, pro se, files this interlocutory appeal from the trial court's denial of injunctive relief.[2]  Because we hold that Harris did not establish his right to a temporary injunction, we affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 2013).

Harris, who is incarcerated, sued Appellee Ludene Harper for conversion of real property.[3] Harris alleged that after the death of his father John David Harris, Harper moved into his father's house, where she continues to live. Harris alleged that he and his brother are his father's only heirs and that Harper has no inheritance rights to the property.

Harper filed an answer asserting that she is next of kin through her mother's marriage to Harris's father, that Harris is incarcerated for aggravated sexual assault, and that he had abandoned the property due to incarceration. She further alleged that she is paying taxes on the property and making repairs to it, that Harris had molested her when she was a child, and that Harris's suit was an attempt to "get back at" her. She attached several documents to her answer, including a copy of a death certificate for her mother, which listed "J.D. Harris" as her mother's surviving spouse.

Harris filed a "writ for injunctive relief" seeking a temporary injunction prohibiting Harper from living on the property and from having any access to or power over "matters or proceedings in connection with the estate of John David Harris, deceased." The trial court held a hearing at which Harris appeared by

---

[3] *See Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 599 n.4 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (noting that Texas law does not recognize a claim for conversion of real property); *Wedgworth v. City of Fort Worth*, 189 S.W.2d 40, 41–42 (Tex. Civ. App.—Fort Worth 1945, writ dism'd). *Cf. Wilen v. Falkenstein*, 191 S.W.3d 791, 797 (Tex. App.—Fort Worth 2006, pet. denied) ("Trespass to real property occurs when a person enters another's land without consent.").

telephone. At the conclusion of the hearing, the trial court denied Harris's requested relief on the ground that Harris had not carried his burden to show that he was likely to prevail on the merits of the case or that there was any irreparable harm.

The trial court signed an order stating that "having considered the request for injunctive relief as well as the argument presented, [the court] finds that the plaintiff has failed to carry his burden of proof to establish his right to any temporary injunctive relief." Harris filed a request for findings of fact and conclusions of law and later filed a notice of past due findings of fact and conclusions of law.[4] The trial court did not enter the requested findings and conclusions, and Harris now appeals.

In Harris's sole issue on appeal, he asks whether the trial court abused its discretion by denying his request for injunctive relief and granting a judgment in favor of Harper, "who presented no testimony and had no pleadings on file" at the time of the hearing. We review a trial court's order on a request for a temporary injunction for abuse of discretion.[5] A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable.[6]

---

[4]*See* Tex. R. Civ. P. 296, 297.

[5]*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

[6]*Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

An applicant seeking a temporary injunction must plead and prove: "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim."[7] "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard."[8]

Regarding the required showing of irreparable harm, Harris argues that because Harper is living on the property, he cannot rent out the property to a tenant, and he will therefore be deprived of a livelihood. He further asserts that because he cannot rent out the property, he has no means of paying taxes on the property, and he will therefore lose his father's estate for failure to pay taxes. He argues that the loss of the property will deprive him "of the last bond [he] will have with his father and all the years of sentimental value attached" to the property.

Harris made similar arguments in the trial court. As evidence that the taxes were not being paid on the property, he asserted in his petition for a writ of injunction that he had received a letter from a person with Horizon Real Estate in Fort Worth, which stated:

Dear property owner:

Public records indicate that you may owe back taxes.

---

[7]*Butnaru*, 84 S.W.3d at 204.

[8]*Id.*

4

May I offer you cash for your property and pay the taxes?
I would like to offer you cash delivered to you for your interest in the property.

Thank you.

Respectfully,

Lynn or Cori.

Harris did not introduce this letter into evidence. But even if he had, this letter is merely a solicitation, and from a third party who states that the property *might* be behind on its taxes. It is not evidence that Harris cannot pay taxes on the property without renting the property to tenants during the pendency of the trial proceedings, that Harris's brother cannot and will not pay taxes on the property, or that Harper will not and has not paid taxes on the property. Harris introduced no evidence that without prohibiting Harper from living on the property during the pendency of his case, he will lose the property for unpaid taxes. Fear of the possibility of harm is not enough to justify injunctive relief.[9]

Harris also argues that he will suffer the loss of business in the form of rental income. This argument, which also relates to whether Harris has an adequate remedy at law, is unpersuasive. Harris makes no argument about why he cannot recover damages for loss of use or loss of rentals if he succeeds in his

---

[9]*Frey v. DeCordova Bend Estates Owners Ass'n*, 647 S.W.2d 246, 248 (Tex. 1983).

claim at trial.[10]  We hold that Harris did not meet his burden to show irreparable harm.

Harris further complains of the trial court's failure to file findings of fact and conclusions of law.  This is an interlocutory appeal.  A trial court may file findings of fact and conclusions of law in an interlocutory appeal, but it is not required to do so.[11]

Harris also argues that because Harper failed to file a pleading requesting relief, she was not entitled to the relief that the trial court granted—that is, denial of the request for a temporary injunction.  Harper did file an answer to Harris's suit, so we assume that Harris argues that the trial court abused its discretion by denying him injunctive relief when Harper did not file a response to his request for an injunction and did not present evidence at the hearing.  But Harris, as the party seeking injunctive relief, had the burden to plead and prove a probable, imminent, and irreparable injury.[12]  Until he met that burden, Harper had no burden to present any evidence.  To the extent that Harris argues that the trial court abused its discretion by granting a judgment in favor of Harper, we note

---

[10]*See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 921 (Tex. 2013) (stating that "[w]hen the trespass causes a temporary injury," damages that the plaintiff may recover "generally includes the cost to repair any damage to the property, loss of use of the property, and loss of any expected profits from the use of the property").

[11]*See* Tex. R. App. P. 28.1(c).

[12]*See El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 747, n.6 (Tex. App.—Dallas 2011, no pet.).

that the appellate record does not contain a final judgment in this case, only an order denying Harris's request for an injunction. We overrule this part of Harris's issue.

Having overruled Harris's sole issue, we affirm the trial court's order denying Harris's request for a temporary injunction.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: April 17, 2014

7